UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00113-HBB

KEOAHARIA PETTUS                                                              PLAINTIFF

VS.

ANDREW SAUL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the Complaint (DN 1) of Keoaharia Pettus ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Defendant has filed a Motion to Dismiss Complaint or alternatively, Motion for Summary Judgment (DN 8). Plaintiff has filed a response (DN 11), and the Commissioner has filed a reply (DN 14). For the reasons that follow, Defendant's Motion to Dismiss Complaint (DN 8) is **GRANTED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 15).

### NATURE OF THE CASE

The Complaint asserts that Plaintiff has exhausted her administrative remedies and is appealing an adverse final decision of the Commissioner (DN 1 PageID # 2). In support of the exhaustion assertion, the Complaint indicates that Plaintiff received an Administrative Law Judge decision dated October 15, 2019, and a Notice from the Appeals Council dated April 10, 2020 (Id.).

## The Commissioner's Motion

Defendant has filed a Motion to Dismiss Complaint, or alternatively, Motion for Summary Judgment (DN 8 PageID # 38-42, citing 42 U.S.C. § 405(g)). Defendant contends that Plaintiff's complaint is time-barred due to her filing it outside the 60-day statute of limitation for commencing a civil action (Id. at PageID # 40). Defendant asserts that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted because on its face the complaint demonstrates Plaintiff failed to file it by June 14, 2020 (Id. at PageID # 39-41, citing Fed. R. Civ. P. 12(b)(6)). Defendant points out that the Complaint does not allege that Plaintiff sought, and the Appeals Council granted additional time to file the complaint (Id. citing 20 C.F.R. § 416.1482). Alternatively, Defendant claims that the Court should grant summary judgment to the Commissioner because Plaintiff's failure to file a timely complaint entitles the Commissioner to judgment as a matter of law (Id. at PageID # 41-42, citing Fed. R. Civ. P. 56(a)).

## Plaintiff's Response

Plaintiff does not dispute that her complaint indicates it is filed outside the 60-day statute of limitation for commencing the civil action (DN 11 PageID # 107-16). She explains that the wrong date was inadvertently used when calculating the 60-day deadline for filing her Complaint (Id. at PageID # 113).[1] Plaintiff requests that Defendant waive this affirmative defense or that the Court find "good cause" exists for the late filing of the Complaint (Id. at PageID # 115-16). Relatedly, she may have meritorious challenges to the final decision (Id. at PageID # 107-16).

---

1 Plaintiff acknowledges that the Appeals Council denied her request for review in a Notice dated April 10, 2020 (DN 11 at PageID # 112). Plaintiff explains that on May 26, 2020, counsel received a copy of the Appeals Council Notice from the Social Security Administration Office of Disability Adjudication and Review (Id. at PageID # 113). This later date was accidently used in calculating the deadline for filing the Complaint (Id.).

The Commissioner's Reply

In reply, Defendant reiterates his argument that Plaintiff's Complaint is time-barred and requests that it be dismissed (DN 14 PageID # 208-13). Because Plaintiff has not argued she is entitled to an equitable tolling of the statute of limitations under the five-factor test set forth in Sixth Circuit case law, Defendant claims such an argument should be deemed waived (Id.).

DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In ruling on a motion to dismiss, courts generally cannot consider matters outside of the pleadings. Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 680 (6th Cir. 2011) (citing Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104 (6th Cir. 2010)). But courts may consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." Id. at 680-81 (citations and quotation marks omitted). Further, "[a]ffidavits may be considered so long as 'they add nothing new, but, in effect, reiterate the contents of the complaint itself.'" Evridge v. Rice, No. 3: 11-40-DCR, 2011 WL 6014407, at *2 (E.D. Ky. Dec. 2, 2011) (quoting Yeary v. Goodwill Indus.-Knoxville, 107 F.3d 443, 445 (6th Cir. 1997)).

Here, the documents attached to Defendant's motion to dismiss include the Administrative Law Judge's decision, dated October 15, 2019, and the Appeals Council's Notice, dated April 10, 2020, that form the basis of Plaintiff's complaint and the affidavit of Dexter Potts[2] confirming the details of those and other documents in the administrative record (DN 8-1 PageID # 45-103). The Court does not need to convert Defendant's pending Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment because the ALJ's decision and the Appeals Council's Notice are referenced in Plaintiff's complaint and are central to her claims challenging the final decision of the Commissioner.

Cases arising under Titles II and XVI of the Social Security Act are subject to judicial review, provided that certain conditions are met. *See* 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3) (expressly adopting the standards set forth in § 405(g)). "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see* 42 U.S.C. § 1383(c)(3). Section 405(g)'s sixty-day statute of limitations is a limited waiver of sovereign immunity and must be strictly construed. Bowen v. City of New York, 476 U.S. 467, 478-49 (1986) (citations omitted). The sixty-day period to file a civil action under § 405(g) begins when the Appeals Council's notice denying review of an ALJ determination is received by a claimant. Cook v.

---

[2] Dexter Potts is the Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Social Security Administration (DN 8-1 PageID # 45).

Comm'r of Soc. Sec., 480 F.3d 432, 436 (6th Cir. 2007).³ The date of receipt is presumed to be five days after the date of the notice unless the claimant makes "a reasonable showing to the contrary." Id. at 436-37; *see also* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c).

Having made no reasonable showing to the contrary, Plaintiff could properly seek judicial review of the final decision of the Commissioner after receiving the Appeals Council's Notice denying Plaintiff's request for review. The Complaint indicates that the Notice is dated April 10, 2020 (DN 1 PageID # 2). Thus, Plaintiff presumably received that Notice on Wednesday, April 15, 2020, and the limitations period for her claims expired sixty days later on Monday, June 15, 2020.⁴ But Plaintiff did not file her civil action until Monday, July 20, 2020, a total of 35-days after the deadline (Id. at PageID # 1-2). Thus, Plaintiff's Complaint must be dismissed absent equitable tolling. *See* Cook, 480 F. 3d at 437-38.

The Supreme Court has concluded that the application of traditional equitable tolling principles to § 405(g) is "consistent with the overall congressional purpose" of the statute and "nowhere eschewed by Congress." Bowen v. City of New York, 476 U.S. 467, 480 (1986) (applying equitable tolling to extend the 60–day limitations period where the agency had engaged in "secretive conduct"). In determining whether an equitable tolling of the statute of limitations is appropriate, the Sixth Circuit considers the following five factors:

> (1) the petitioner's lack of [actual] notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of

---

3 When the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

4 Sixty days after April 15, 2020, is technically June 14, 2020, but because this date was a Sunday, Plaintiff had until Monday, June 15, 2020, to file her complaint. *See* Bartlik v. U.S. Dep't of Labor, 62 F.3d 163, 166 (6th Cir. 1995) (holding that if the statute of limitations period expires on a weekend, then it extends to the following business day).

> prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Cook, 480 F.3d at 437 (citation omitted). Plaintiff bears the burden of establishing that equitable tolling applies in this case. Kellum v. Commissioner, 295 F. App'x 47, 49 (6th Cir. 2008) (citations omitted). But Plaintiff has not argued that she is entitled to equitable tolling under the five factors set forth above. Thus, Plaintiff has not sustained her burden of demonstrating she is entitled to equitable tolling.

Plaintiff instead asserts that the Court should find "good cause" exists for excusing the late filing of the Complaint because it is the product of an inadvertent calendaring error by her counsel, and there may be meritorious challenges to the unfavorable final decision of the Commissioner. Because Plaintiff's claim is adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation that includes supporting case law, it is deemed waived. *See* United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 169 F. App'x 452, 453 (6th Cir. 2006).

Plaintiff's Complaint is untimely, and she has not demonstrated the § 405(g) limitations period should be equitably tolled. Because her Complaint is untimely, Plaintiff cannot plausibly seek relief on the grounds alleged in the Complaint. Therefore, Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's complaint, for failure to state a claim upon which relief may be granted, is well taken. Considering this ruling, there is no need to address Defendant's alternative Rule 56 motion for summary judgment.

6

ORDER

**IT IS HEREBY ORDERED** that Defendant Commissioner's motion to dismiss for failure to state a claim (DN 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Keoaharia Pettus' Complaint (DN 1) is **DISMISSED WITH PREJUDICE**.

July 8, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

Copies: Counsel